UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE BRYANT, | Civil Action No. 12-1126 (JLL) |
| Petitioner, | |
| v. | OPINION |
| CHARLES E. WARREN, et al., | |
| Respondents. | |

**LINARES**, District Judge

Petitioner Jermaine Bryant ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court will dismiss the Petition as untimely.

**I. BACKGROUND**

In 1994, Petitioner was found guilty by a jury of purposeful or knowing murder, in violation of N.J.S.A. 2C:11–3(a)(1) and (2); aggravated assault, in violation of N.J.S.A. 2C:12–1(b)(1); and other related offenses. *State v. Bryant*, 2011 WL 2369463, at *1 (N.J. Super. Ct. App. Div. June 16, 2011). The trial court sentenced Petitioner to life imprisonment, with thirty years of parole ineligibility, for murder, and a consecutive ten-year term, with five years of parole ineligibility, for aggravated assault. *Id.* The Appellate Division affirmed the convictions and sentence in a published opinion. *State v. Bryant*, 671 A.2d 1058 (N.J. Super. Ct. App. Div. 1996). The New Jersey Supreme Court denied the petition for certification on May 23, 1996. 677 A.2d 761 (N.J. 1996).

On September 15, 1997, Petitioner filed his first petition for post-conviction relief ("PCR"). (Resp'ts' Br., Ex. 5, 1st PCR Pet.) After the trial court denied the petition, the Appellate Division affirmed that denial, *State v. Bryant*, No. A–3571–99 (Mar. 6, 2001), and the New Jersey Supreme Court denied the petition for certification, *State v. Bryant*, 782 A.2d 424 (N.J. 2001). On October 6, 2005, and April 24, 2006, Petitioner filed additional post-conviction relief petitions, which the trial court denied by order of July 25, 2006. *Bryant*, 2011 WL 2369463, at *1. Petitioner did not appeal from the denial of those petitions. *Id.* On August 8, 2006, Petitioner filed another petition for post-conviction relief, which the trial court denied on October 13, 2006. *Id.* The Appellate Division affirmed that denial, *State v. Bryant*, 2007 WL 4356607 (N.J. Super. Ct. App. Div. Dec. 14, 2007), and the New Jersey Supreme Court denied the petition for certification, *State v. Bryant*, 944 A.2d 31 (N.J. 2008).

On January 11, 2007, Petitioner moved for a new juvenile waiver hearing, claiming newly discovered evidence, which the trial court also denied. *Bryant*, 2011 WL 2369463, at *1. The Appellate Division affirmed that denial in an unpublished opinion. *State v. Bryant*, 2008 WL 4329891 (N.J. Super. Ct. App. Div. Sept. 24, 2008). The New Jersey Supreme Court denied the petition for certification. *State v. Bryant*, 966 A.2d 1077 (N.J. 2009). On August 4, 2009, Petitioner filed another petition for post-conviction relief, which was denied by the trial court and said denial affirmed by the Appellate Division. *Bryant*, 2011 WL 2369463, at *1. The New Jersey Supreme Court denied the petition for certification. *State v. Bryant*, 35 A.3d 681 (N.J. 2012).

Petitioner filed the instant habeas petition on February 8, 2012. (Pet., ECF No. 1.) After receiving notice pursuant to *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000) (ECF No. 4), Petitioner indicated that he wished to proceed with his petition "as-is" (ECF No. 5) and the Court

entered an Order to Answer (ECF No. 9). Respondents filed their Answer on April 1, 2013. (ECF Nos. 19-20) and Petitioner filed a reply (ECF No. 21).

## II. DISCUSSION

The State asserts that this habeas petition is time-barred under 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final,"[1] and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, –– U.S. ––, 132 S.Ct. 641, 653–54, 181 L.Ed.2d 619 (2012). The statute of limitations is statutorily tolled

---

[1] To the extent Petitioner argues that § 2244(d)(1)(D) is the applicable provision for some of his claims because he did not discover the "new evidence" until 2008, that argument is unavailing. Petitioner obtained the "new evidence" simply by requesting transcripts and reports from the prosecutor's office in 2008. (Resp'ts' Br., Ex. 38, Pet'r's Pet. Cert. 4, ECF No. 20-8.) Since Petitioner waited approximately twelve years after his conviction to do so, Petitioner cannot be said to have been exercising "due diligence."

3

during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that:

> [a] prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013). "[T]he time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on May 23, 1996 and his conviction became final ninety days later, on or about August 22, 1996. Unless the statute of limitations is tolled, the applicable statute of limitations expired a year later, on August 22, 1997. Petitioner did not file his PCR petition until September 15, 1997, after the statute of limitations had expired. Thus, statutorily tolling does not make the instant federal habeas petition timely. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed). Additionally, there is another time gap in Petitioner's state court filings, from June 22, 2001, the date the New Jersey Supreme Court denied the petition for certification on

4

Petitioner's first PCR petition, until October 6, 2005, the date Petitioned filed his second PCR petition. Accordingly, this federal habeas petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 130 S.Ct. 2549, 2554, 2560, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Jenkins*, 705 F.3d at 89.

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones*, 195 F.3d at 160). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 130 S.Ct. at 2564 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

5

Rather, equitable tolling could be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 130 S.Ct. at 25 62 (relying on *Pace*, 544 U.S. at 418).

Indeed, extraordinary circumstances have been found only where; (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Both in his petition and in his reply, Petitioner does not appear to make an argument for equitable tolling.[2] Rather, he appears to allege that the "actual innocence" exception to the statute of limitations should apply to his case. In *McQuiggin v. Perkins*, the Supreme Court held a showing of actual innocence can be an exception to the AEDPA statute of limitations. 133

---

[2] Any argument for equitable tolling would be unavailing as Petitioner has not established that any extraordinary circumstances stood in his way. Even if Petitioner had met the extraordinary circumstances prong, Petitioner clearly did not exercise reasonable diligence since he obtained this "new evidence" simply by requesting transcripts and reports from the prosecutor's office in 2008 and therefore presumably could have done so well before twelve years after his conviction. (Resp'ts' Br., Ex. 38, Pet'r's Pet. Cert. 4, ECF No. 20-8.)

6

S.Ct. 1924, 1935, 185 L.Ed.2d 1019 (2013). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations…a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.*

In his petition, when asked about timeliness, Petitioner stated the following:

> Due to a request to the Court for Juvenile Waiver Transcripts, the defendant was provided with a full discovery. The items provided therein were of the State's Medical Reports and Ballistic reports, that concluded that both victims was [sic] shot with an; [sic] (22. Caliber Revolver). The State has stated that the defense was not entitled to a full-discovery. None of the defendant's assigned counsels were told of this information.
>
> The Juvenile Waiver Judge, Hon. Hollenbeck, the Essex County, Law Division and the Grand Jury was [sic] not provided with this information. As a result of none of the assigned counsel's [sic] on appeal was [sic] provided with this information, the defendant could not address this matter in a prior appeal with the help of counsel. The defendant had to proceed as Pro-se in order to address this matter in a court of law.
>
> As required, the defendant must address all issues in the state court before addressing this matter in Federal Court for relief.

(Pet. ¶ K(1).)

In his reply to the answer, Petitioner states the following with regard to Respondents' timeliness argument:

> Title 28 U.S.C. §2244d(1) directs that a petitioner must file a petition for a writ of habeas corpus attacking his state conviction within one year. The petitioner is required to present all issue within the State court and to exhaust all State issues in the State court before petitioning an application for habeas corpur [sic] relief.
>
> Within the application for habeas corpus releif [sic], under TIMELESS [sic] OF PETITION, the petitioner must explain the delay of the petition. After the defendant's first petition for post conviction relief, the defendant was able to obtain a copy of his juvenile waiver transcripts. These items was [sic] not

7

provided to the assigned counsel on the defendant's first application for post conviction relief.

The defendant learned that the State did not provided [sic] the defense with an [sic] full discovery of the medical reports and ballistic reports. After learning that the State withheld information that both victim's was shot with an [sic] 22. caliber revolver. The defendant filed his second petition for post conviction relief, under newly discovered evidence.

The petitioner then motioned the court pursuant to 2A.: 84A-32, Motion for performance of forensic DNA, Ballistic testing, certain circumstances. In order to establish that the petitioner is not the shooter. The motion of application was referred back to the Office Of The Public Defender for the assignment of counsel.

The petitioner had to construct a record of the violations of the petitioner's constitutional rights. The requirements of habeas corpus relief, is for the petitioner to present claims of violations of State Law and Federal under the constitution of both Federal and the State of New Jersey. As contained herein, had [sic] not for the petitioner's collateral [sic] attack of his conviction none of these violations would of [sic] been known to the petitioner and the court.

Within the petitioner [sic] last petition for relief within the State court, the court's ruling was a [sic] inconstant [sic] with the facts presented in the petition and the law governing the motion of application for forensic testing.

The petitioner moved before the Essex County, Law Division Superior Court on the grounds of forensic testing to establish actual innocence. The court's ruling state's [sic] that the defendant is not time-barred, only that this motion of application could of been presented in a prior proceeding. And the lower court's ruling violated the defendants [sic] rights under due process of law.

§4268.2, The Second Circuit held that it was error of the district court, without further analysis, to dismiss, on statute of limitations grounds, a habeas corpus petition which claimed actual innocence. The district court should examine whether the petitioner was reasonable diligence was a precondition of pressing the actual innocence, and if so, whether the federal constitution required an actual innocence exception to the limitations period for filing a habeas corpus petition. The court noted that it has previously declined to rule on whether the constitution requires an actual innocence exception to the AEDPA's statute of limitations. Whitlt v. Senkowski, C.A.2d, 2003, 317 F.3d 223.

...

The lower court failed to review the document's [sic] presented within the petitioner's application of motion for forensic testing. The court based it's [sic] ruling on a misintertation [sic] of the law and statute.

(Pet'r's Reply 37-39, ECF No. 21.)

In this case, it is clear that the "actual innocence" exception to AEDPA's statute of limitations does not apply. The "newly discovered evidence" appears to be medical and ballistics reports from 1993 that Petitioner claims he did not receive prior to his juvenile waiver hearing or trial. In addition to the fact that these reports are not "new," the citations that Petitioner makes to the "report" in his state PCR briefs (Resp'ts' Br., Ex. 17, Pet'r's Appellate Br. on 3rd PCR Pet. 2; 21; 23; 25 ECF No. 19-20; Resp'ts' Br., Ex. 22, Pet'r's Pet. for Cert. on 3rd PCR Pet. 7, ECF No. 19-25) are actually citations to the transcript of the State's expert's testimony wherein the expert stated that he had no opinion as to whether the bullets were fired from a revolver or a rifle and he has "no way of knowing whether [the bullets] were fired from rifle or revolver" (*Id.* at Da 8.) Moreover, the reports, which Petitioner attached to his brief in his appeal of the lower court's denial of his motion for ballistic testing, do not state that the victims were shot with a .22 caliber revolver. (Resp'ts' Br., Ex. 34, Pet'r's App. Br. Mot. Ballistic Testing, A-5 & 6, ECF No. 20-4.) In fact, the reports do not in any way indicate what type of gun was used and there is no reason to believe that the reports would have made it "more likely than not that no reasonable juror would have convicted him."

Therefore, this Court concludes that the "actual innocence" exception to AEDPA does not apply to Petitioner's case and the petition is dismissed with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be dismissed as time-barred, and that a certificate of appealability will not issue. An appropriate Order follows.

Dated: April 16, 2014

Jose L. Linares, U.S.D.J.

10